NO. 07-06-0426-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



EN BANC



NOVEMBER 20, 2006


______________________________



IN THE MATTER OF RUSSELL I. GUNTER II, ATTORNEY


_______________________________




Before the Court en banc: 

JUDGMENT OF CONTEMPT


 This cause was initiated by the Court as an original proceeding because attorney
Russell I. Gunter II, retained by Kenneth M. Romero to represent him in the appeal styled
Kenneth M. Romero v. The State of Texas, pending on the docket of this Court as cause
No. 07-05-0466-CR, appeared to be in contempt of an order of this Court. On October 17,
2006, this Court issued an order in that appeal, directing Russell I. Gunter II to file a brief
for appellant Kenneth M. Romero, prepared in accordance with the Texas Rules of
Appellate Procedure and filed so as to be received by the Clerk of this Court no later than
5:00 p.m. local time on October 24, 2006. Following that date and time, the Court found
that no appellant's brief had been filed in that appeal. 


 Russell I. Gunter II appeared on November 20, 2006, pursuant to this Court's Show
Cause Order and notice to appear. Afforded a hearing, Russell I. Gunter II offered no legal
cause to excuse his failure and refusal to obey the Court's October 17, 2006 order.

 The Court finds that Russell I. Gunter II is in contempt of court for wilfully failing and
refusing to obey the October 17, 2006 order of this Court. Accordingly, it is ORDERED,
ADJUDGED AND DECREED that Russell I. Gunter II shall be punished for his contempt
by the following:

 (1) being assessed a fine of Five Hundred and No/100 Dollars ($500), and
the payment of costs incurred in this proceeding, the fine and costs to be
paid to and physically received by the Clerk of this Court no later than 5:00
p.m. on November 22, 2006; and 

 (2) being confined in the Potter County Jail for a period of thirty days, the
confinement being suspended on condition that Russell I. Gunter II perform
each of the following by the date and time stated: 

 (a) no later than 5:00 p.m. on November 20, 2006, transmit a
copy of appellant's brief for Kenneth M. Romero in cause No.
07-05-0466-CR, by fax to the Clerk of this Court; 

 (b) file a brief for appellant Kenneth M. Romero, prepared in
accordance with the Texas Rules of Appellate Procedure and
filed so as to be physically received by the Clerk of this Court
no later than 5:00 p.m. on November 22, 2006; (1) and 

 (c) submit a letter, so as to be physically received by the Clerk
of this Court no later than 5:00 p.m. on December 15, 2006, (2)
which letter shall certify that Russell I. Gunter II has conferred
with, and sought counseling from, his supervising attorney
Brian Murray concerning the terms of this judgment and its
underlying circumstances, which letter shall contain the
signatures of Russell I. Gunter II and Brian Murray.

 It is further ORDERED, ADJUDGED AND DECREED that a writ of attachment shall
issue for the said Russell I. Gunter II without further notice to him in the event he fails to
satisfy any one or more of the stated conditions for suspension of his confinement.

 Issued this 20th day of November, 2006.

 Per Curiam


1. The "mailbox rule" shall not apply to this deadline. See Tex. R. App. P. 2
(authorizing the court to suspend operation of a rule in a particular case). 
2. The "mailbox rule" shall not apply to this deadline. See Tex. R. App. P. 2
(authorizing the court to suspend operation of a rule in a particular case). 


e" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0303-CR

NO. 07-10-0304-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

AUGUST 30, 2010

 

______________________________

 

 

DAYMON LAMAR JOHNS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 56,483-E & 58,725-E; HONORABLE DOUGLAS R.
WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            In exchange for a guilty plea, in
2007, Appellant, Daymon Lamar Johns, was convicted in
cause number 56,483-E of evading arrest with a vehicle and sentenced to two
years confinement and a $1,000 fine.[1]  Appellant's sentence was suspended in favor
of five years community supervision.  In
2009, in exchange for a guilty plea, in cause number 58,725-E, Appellant was
granted deferred adjudication community supervision for five years for
possession of a controlled substance in a drug-free zone.[2]  On March 19, 2010, the State filed an Amended
Motion to Revoke Order for Community Supervision in cause number 56,483-E and
an Amended Motion to Proceed with Adjudication of Guilt on Original Charge in
cause number 58,725-E alleging violations of the terms and conditions of
community supervision.  Appellant entered
pleas of true in both causes and the trial court revoked community supervision
and sentenced Appellant to two years in a state jail facility plus a $1,000
fine in cause number 56,483-E.  The trial
court also adjudicated Appellant guilty of possession of a controlled substance
in a drug-free zone and sentenced him to nine years confinement and a $1,000
fine in cause number 58,725-E.  The trial
court ordered the sentence in cause number 56,483-E to run consecutively to the
sentence in cause number 58,725-E. 

When the clerks' records were filed on August 17, 2010, it
came to the Court=s attention that the record in cause
number 58,725-E did not contain a Trial Court=s Certification of Defendant=s Right of Appeal as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure and
that the record in cause number 56,483-E contained two separate certifications,
neither of which is signed by Appellant as required by Rule 25.2(d).[3]

Consequently, we abate this appeal and remand this cause to
the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court=s Certification of Defendant=s Right of Appeal in compliance with Rule 25.2(d) in each
cause referenced herein.  Once properly
completed and executed, the certifications shall be included in supplemental
clerks' records.  See Tex. R. App.
P. 34.5(c)(2). 
The trial court shall cause the supplemental clerks' records to be filed
with the Clerk of this Court by September 29, 2010.  This order constitutes notice to all parties,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certifications.  If
supplemental clerks' records containing proper certifications are not filed in
accordance with this order, these causes will be referred to the Court for
dismissal.  See Tex. R. App. P.
25.2(d). 

It is so ordered.

Per
Curiam

Do not publish.

 

 

 

                                                                                    

 











[1]Tex.
Penal Code Ann. § 38.04(b)(1)(B) (Vernon Supp. 2009).





[2]Tex. Health & Safety Code Ann. § 481.134 (Vernon 2010).

 





[3]As of September 1, 2007, a defendant must sign and
receive a copy of the certification.